E-FILED
Tuesday, 10 November, 2026 09:58:16 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMES WARREN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 26-cv-2094-CRL |
| | ) | |
| | ) | |
| JOHN DOE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

MERIT REVIEW ORDER

Plaintiff James Warren, proceeding *pro se*, is an inmate with the Illinois Department of Corrections ("IDOC") who is housed at the IDOC's Lincoln Correctional Center ("Lincoln"). However, the factual allegations contained within Plaintiff's Complaint occurred before he was incarcerated within the IDOC. In fact, Plaintiff has specifically denied that he is basing any claim(s) contained within his Complaint based upon any alleged violation of his Constitutional rights since being incarcerated within the IDOC, and Plaintiff has not identified any IDOC employee or official as a Defendant in this case. Instead, Plaintiff brings this claim based upon alleged violations of his Constitutional rights during his arrest.

The Court granted Plaintiff leave to proceed *in forma pauperis*, and the case is now before the Court for a merit review of Plaintiff's claims contained within his Complaint. Because Plaintiff is a prisoner for purposes of the Prison Litigation Reform Act ("PLRA"), the Court is required by 28 U.S.C. § 1915A to "screen" Plaintiff's Complaint and, through such process, to identify and to dismiss any legally insufficient claim or

the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that, during his arrest on November 2, 2025, the arresting officers placed him into a squad car to transport him to the Champaign County Jail ("the Jail"). In placing him into the squad car, Plaintiff contends that the officers did so in such a way that he broke his right hand. After arriving at the Jail, Plaintiff alleges that no one at the Jail would provide or would obtain medical attention for his broken hand for two weeks. After this two week period, Plaintiff asserts that he was finally taken to a local hospital for medical treatment for his broken hand.

Because he was an arrestee during the relevant time, Plaintiff's claims arise, if at all, under the Fourth Amendment. *E.g.*, *Jones v. Reillo*, 2023 WL 2711064, * 3 (N.D. Ind. Mar. 30, 2023) (noting that a plaintiff's false arrest and excessive force claims arise under the Fourth Amendment to the United States Constitution). Plaintiff's Complaint states two claims: (1) an excessive force claim in violation of his Fourth Amendment rights and (2) a denial of his right to adequate medical care for his broken hand in violation of his Fourth Amendment rights.

Although (after giving Plaintiff's Complaint a liberal read), the Court finds that Plaintiff's Complaint states the two claims identified above, the Court also finds that Plaintiff has failed to name a proper defendant under 42 U.S.C. § 1983. Plaintiff has named the City of Champaign and the Champaign Police Department as Defendants, but Plaintiff's Complaint contains no factual allegations upon which to hold either the City or the Police Department liable. Plaintiff has simply identified the City and the Police Department as Defendants in the caption of his Complaint, but the body of his Complaint contains no factual allegations against them. *See Lane v. Vanninhill*, 2026 WL 2333131, * 3 (S.D. Ind. Aug. 12, 2026) (dismissing a complaint because, "[a]lthough these individuals are listed as defendants in the caption of the complaint, the body of the complaint contains no allegations as to what they allegedly did or did not do with respect to Mr. Lane's flooding issue."). "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (citation omitted).

As for the two John Doe police officers whom Plaintiff names as Defendants, the Court cannot effect service of process upon a John Doe or Jane Doe Defendant. Fed. R. Civ. P. 4(m); *Williams v. Rodriguez*, 509 F.3d 392, 402 (7th Cir. 2007) (holding that the failure to identify John Doe defendants prior to close of discovery and serve them with process subjects the John Doe defendants to dismissal). Therefore, the Court will dismiss the John Doe police officers as Defendants until Plaintiff can identify—by

proper name—the police officers who alleged violated his Fourth Amendment rights and until he adds them as party Defendants *via* an amended complaint.

However, because Plaintiff has alleged sufficient facts to state a claim upon which relief can be granted and given his *pro se* status, the Court will add Champaign County Sheriff Dustin D. Heuerman as a "placeholder" Defendant in order to begin this litigation. *Rodriguez v. McCloughen*, 49 F.4th 1120, 1121 (7th Cir. 2022). Plaintiff should understand that, at some point, the Court will dismiss Sheriff Heuerman because his Complaint does not state a claim upon which relief can be granted against the Sheriff. The Court is simply adding Sheriff Heuerman as a Defendant in order to begin the litigation so that Plaintiff may use the tools in discovery to identify the person(s) whom he believes violated his Fourth Amendment rights. Once he identifies this individual or these individuals by name, Plaintiff must seek leave to file an amended complaint in which he names this person or these persons as the proper Defendant(s) so that the Court may obtain service of process upon him or her.

In the future, the Court will enter a Scheduling Order that should assist Plaintiff in identifying the proper Defendant(s). If Plaintiff does not identify the proper Defendant(s) by name and if he does not seek leave to file an amended complaint in which he identifies this individual or these individuals by name in a timely manner, the Court will dismiss Sheriff Heuerman and will, in turn, dismiss this case.

Accordingly,

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff's Complaint states two claims: (1) an excessive force claim in

violation of his Fourth Amendment rights and (2) a denial of his right to adequate medical care for his broken hand in violation of his Fourth Amendment rights. As explained above, the Court will allow Plaintiff to proceed on these two claims against placeholder Defendant Champaign County Sheriff Dustin D. Heuerman. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. The Court further finds that Plaintiff's Complaint fails to state a claim upon which relief can be granted against the other named Defendants, and the Clerk of the Court is directed to dismiss the other Defendants as Parties to this case. 28 U.S.C. § 1915A; Fed. R. Civ. P. 12(b)(6).

3. The Clerk of the Court is further directed to add Champaign County Sheriff Dustin D. Heuerman as a placeholder Defendant and, thereafter, to attempt to effect service of process on Defendant Sheriff Heuerman pursuant to the Court's standard procedures.

4. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions in order to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5. The Court will attempt service on Defendant by mailing a waiver of service to Defendant. Defendant has sixty (60) days from the date the waiver is sent to file an answer. If Defendant has not filed an answer or appeared through counsel within ninety (90) days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an Order setting discovery and dispositive motion deadlines.

6. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7. Defendant shall file an answer within sixty (60) days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendant. Therefore, no response to the answer is necessary or will be considered.

8. This District uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to

mail to defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the Court has entered a Scheduling Order, which will explain the discovery process in more detail.

9. Counsel for Defendant is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

10. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11. If Defendant fails to sign and return a waiver of service to the Clerk within thirty (30) days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal Service on Defendant and will require Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

12. The Clerk of the Court is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

Entered this 10th day of November, 2026

s/ Colleen R. Lawless
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE